IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIEN MICHEL ST. REMY,** | : | CIVIL ACTION NO. 1:24-CV-1423 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **WARDEN F. GREENE,** | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Julien Michel St. Remy, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA") that must be applied towards time in a halfway house. The petition will be dismissed for St. Remy's failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

St. Remy is serving a 360-month sentence of imprisonment imposed by the United States District Court for the Southern District of Florida for conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine. (Doc. 7-3 at 3). He is housed in Allenwood Federal Correctional Center ("FCC-Allenwood").

St. Remy's petition arises from the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation.

<u>Id.</u> Inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. <u>Id.</u>

As of September 4, 2024, St. Remy had earned 625 days of credit under the FSA, 365 of which have been applied to his early release. (Doc. 7-6 at 2). On February 28, 2024, the warden of FCC-Allenwood recommended St. Remy for placement in a Residential Re-Entry Center ("RRC") to commence on March 1, 2024, but noted that United States Immigration and Customs Enforcement had lodged an immigration detainer to assume custody of St. Remy after his release from prison. (Doc. 7-5). Because a BOP policy stated that inmates with immigration detainers were ineligible for placement in an RRC, St. Remy was not transferred to an RRC. (Doc. 1 at 6; Doc. 7 at 13).

St. Remy filed an administrative remedy request under the BOP's administrative remedy program requesting transfer to an RRC on July 24, 2024. (Doc. 1-1 at 5). The warden denied the request on August 5, 2024. (<u>Id.</u> at 4). St. Remy filed an appeal to the BOP's regional office on August 13, 2024. (Doc. 1-1 at 6). He filed the habeas corpus petition that initiated this case the next day, on August 14, 2024, before he received a response from the regional office. (Doc. 1). The petition was received and docketed on August 21, 2024. (<u>Id.</u>)

St. Remy asserts that the BOP has improperly refused to apply time credits he has earned under the FSA to his sentence and that such credits entitle him to be transferred to an RRC. (<u>Id.</u>) The case was initially assigned to United States District Judge Christopher C. Conner. Respondent responded to the petition on September

2

16, 2024, arguing that St. Remy failed to exhaust administrative remedies prior to filing the petition, that the decision to deny St. Remy's requested transfer to an RRC is not subject to judicial review, that the BOP nonetheless properly considered St. Remy's request for transfer to an RRC, and that St. Remy has no legal entitlement to the relief he requests. (Doc. 7). St. Remy filed a reply brief in support of his petition on October 1, 2024, making the petition ripe for review. (Doc. 8). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.

## II. Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that St. Remy's petition should be dismissed for failure to exhaust administrative remedies because he filed his petition before completing the BOP's administrative remedy process. (Doc. 7 at 6-8).

St. Remy concedes that he failed to exhaust administrative remedies but offers two arguments as to why exhaustion should be excused. (See Doc. 8 at 2). First, he argues that exhaustion is futile because (a) completing the administrative remedy process would take a significant amount of time and he allegedly would be entitled to release before he could complete the program; and (b) the BOP likely would not give him any relief. (Id.) Second, he argues that his claim is purely one of statutory construction because both the FSA and relevant BOP policies state that immigration detainers have no effect on whether an inmate should be transferred to an RRC and that BOP employees are disregarding these rules. (Id. at 5).

St. Remy's arguments are unavailing. First, courts in this district have consistently rejected the argument that exhaustion of a Section 2241 habeas claim should be excused as futile because completing the administrative remedy process would take too long and the inmate may be released while the process is pending.

4

See, e.g., Williams v. Warden, Allenwood-Low, No. 3:24-CV-1321, 2024 WL 4204277, at *2 (M.D. Pa. Sept. 16, 2024); Hammond v. Spaulding, No. 1:22-CV-1780 (M.D. Pa. Apr. 28, 2023). Similarly, the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." Williams, 2024 WL 4204277, at *2 (quoting Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))). Finally, St. Remy's petition does not present a question of purely statutory interpretation that would excuse exhaustion: he argues not only that the FSA requires him to be given time credits, but also that BOP staff are violating BOP policies indicating that immigration detainers have no bearing on whether inmates should be transferred to RRCs. (Doc. 8 at 5); see also, Williams, 2024 WL 4204277, at *2 (rejecting argument that claim presented pure question of statutory interpretation where it also raised "a dispute as to whether the BOP properly applied its agency calculations"). St. Remy's petition will accordingly be dismissed for failure to exhaust administrative remedies. Respondent's alternative arguments will not be addressed.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 12, 2025

5